| | |
|---|---|
| HENRY CEPHUS HAYES, aka Henry Moses Mitchell, Jr.,<br><br>Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>Defendants. | No. 2:19-cv-0563 AC P<br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I.   Introduction

Plaintiff is a state prisoner at Pelican Bay State Prison under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with a complaint filed pursuant to 42 U.S.C. § 1983, and a request for leave to proceed in forma pauperis filed pursuant to 28 U.S.C. § 1915. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the following reasons, plaintiff's request to proceed in forma pauperis is granted but the undersigned recommends this action be dismissed for failure to state a cognizable claim.

II.   In Forma Pauperis Application

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). See ECF No. 2. Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

1

Plaintiff must still pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

### III. Screening of Plaintiff's Complaint

#### A. Legal Standards for Screening Prisoner Civil Rights Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

      B.  Plaintiff's Allegations

This action is premised on the alleged failure of former Governor Edmund G. Brown, Jr. (named as a defendant herein) to acknowledge receipt of plaintiff's December 27, 2017 application for commutation of his sentence or refer plaintiff's application to the Board of Parole Hearings (BPH) for investigation and hearing. Plaintiff's application seeks commutation of his sentence of life-without-possibility-of-parole to a sentence of 15-years-to-life, based on plaintiff's alleged innocence of the 1999 crimes. See ECF No. 1 at 15-32. Plaintiff contends that he complied with all of the requirements for submitting a proper application to the Governor – including providing notice and copies to the prosecuting attorney (defendant Los Angeles District Attorney Jackie Lacey) and executive director of the California Board of Parole Hearings (BPH) (defendant Jennifer Shaffer) – but "no response was provided," id. at 3; neither "plaintiff nor his counsel received any response from Defendant Brown," id. at 5; Brown "fail[ed] to acknowledge attorney letters," id. at 9; and Brown did not "entertain the application after receiving written request for interview by attorneys. Nor acknowledge plaintiff from plaintiff's last correspondence letter. Nothing was done." Id. at 11.

Plaintiff speculates that defendants Lacey and the Los Angeles Superior Court "weighed in on the clemency in violation of Article II, section 3 of the State of California Constitution [Separation of Powers]." Id. at 3-4. The complaint also names current California Governor Gavin Newsom as a defendant and argues that he "should be required to instruct his Legal Affairs

3

Secretary to make such determinations [on plaintiff's commutation application] within 90 days under 18 U.S.C. §3626(a)(2)[1] preliminary injunctive time line, with Governor Newsom granting or denying within 30 [days] thereafter with written conclusions of facts from [plaintiff's] application." Id. at 11.

Based on these and additional allegations, the complaint specifies five putative causes of action: (1) Plaintiff failed to receive adequate notice of the issues to be considered or opportunity to be heard in his request for clemency; (2) California's commutation scheme violates the separation of powers under constitutional doctrine denying plaintiff due process of law; (3) Equal protection denied where plaintiff treated less favorable than white applicants with respect to clemency proceedings; (4) Defendants Superior Court and District Attorney not entitled to absolute and qualified immunity; and (5) Request for injunctive and declaratory relief. ECF No. 1 at 5-12.

Plaintiff has filed this action pursuant to Federal Rule of Civil Procedure 57, which "governs the procedures for obtaining a declaratory judgment under 28 U.S.C. § 2201." Fed. R. Civ. P. 57. Section 2201 provides for the "creation of a remedy" in actions for declaratory judgment involving cases "of actual controversy" within the court's jurisdiction. 28 U.S.C. § 2201(a). That provision instructs that, "upon the filing of an appropriate pleading, [the court] may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." Id. Rule 57 provides that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action."

---

[1] 18 U.S.C. § 3626 provides in pertinent part:
> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. . . . Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.

18 U.S.C. § 3626(a)(2).

Fed. R. Civ. P. 57. Pursuant to these provisions, plaintiff seeks "[a]n order for a speedy hearing of an injunctive and declaratory judgment action pursuant to Federal Rule of Civil Procedure 57." ECF No. 1 at 12; see also id. at 1 ("This is an action for injunctive and declaratory relief pursuant to the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution.").

### C. Analysis

The complaint fails to state a cognizable federal claim and cannot be cured by amendment. "Commutation is a reduction in punishment[.]" Santos v. Brown, 238 Cal. App. 4th 398, 413 (2015). The authority of the incumbent California Governor to commute a sentence is established by the California Constitution, which provides in pertinent part: "Subject to application procedures provided by statute [Cal. Penal Code §§ 4800-4813], the Governor, on conditions the Governor deems proper, may grant a reprieve, pardon, and commutation, after sentence, except in case of impeachment." Cal. Const. Art. V, § 8(a).

Prisoners have no legal right to commutation. "The power to commute a sentence is exclusively the Governor's." In re Borlik, 194 Cal. App. 4th 30, 43 (2011) (citing People v. Enriquez, 173 Cal. App. 3d 990, 998 (1985)). "'A commutation is in the nature of a favor which may be withheld entirely or granted upon such reasonable conditions, restrictions and limitations as the Governor may think proper.'" People v. Enriquez, 173 Cal. App. 3d at 998 (quoting In re Collie, 38 Cal.2d 396, 398 (1952)). A "felon's expectation that a lawfully imposed sentence will be commuted or that he will be pardoned is no more substantial than an inmate's expectation, for example, that he will not be transferred to another prison; it is simply a unilateral hope." Connecticut Bd. of Pardons v. Dumschat, 452 U.S. 458, 465 (1981) (fn. omitted).

Moreover, until this year, prisoners have had no way to determine whether the Governor received their application for commutation. Applications are now posted on the Governor's website. See Cal. Penal Code § 4802.5, added by Stats. 2018, c. 824 (A.B. 2845), § 3, eff. Jan. 1, 2019 ("The Governor shall make . . . the application for a commutation available on the Governor's Office Internet Web site[.]"). Additionally, if the Governor, at his discretion, refers an application for commutation to the BPH for an investigation and report, the BPH is required to

provide the applicant with electronic or written notification of such referral and when the BPH issues its recommendation. See Cal. Penal Code § 4812 (d), added by Stats. 2018, c. 824 (A.B. 2845), § 4, eff. Jan. 1, 2019. Despite proposals for still further reform,[2] the fact remains that the Governor is not statutorily required to directly notify prisoners that their applications for commutation were received (or denied) by his office. Review of Governor Newsom's "Commutations" website indicates that the current process is more accessible and provides more information than in the past.[3] As relevant to plaintiff, the site specifically provides for reapplication of a commutation request made within the last three years, and instructs in pertinent part, id. at p.1:

> If you submitted a commutation application in the last three years and would like Governor Newsom to re-open your prior application and consider it, you may submit a Reapplication for Clemency. To re-apply for a commutation:
>
> Submit a completed Reapplication for Clemency Form (1 page). Do not re-submit your original application or other documents unless requested to do so by the Governor's Office.

These general observations put plaintiff's putative legal claims in context: the California Governor has absolute discretion in deciding an application for commutation, and thus Governor Brown's apparently silent denial of plaintiff's application was completely within his discretion. As the United States Supreme Court has observed, "[c]ommutation . . . is an ad hoc exercise of executive clemency. A Governor may commute a sentence at any time for any reason without

---

[2] Advocates have recommended, for example, that "the Governor's Office provide notification at each step of the clemency and commutation application process to increase transparency so that applicants are not waiting indefinitely for a response." Improving the Pardon and Commutation Process, *Policy Recommendations for Governor Gavin Newsom*, Asian Americans Advancing Justice – Asian Law Caucus on Behalf of the Pardon and Commutation Reform Coalition, March 2019, p.5; see also id. at pp.11-2 (recommending receipt letters, filing numbers, status updates, etc.) This court takes judicial notice of this publication, Fed. R. Evid. 201(b)(2), available online at https://www.advancingjustice-alc.org/wp-content/uploads/2019/03/ALC_Transition_Memo_8-FINAL.pdf

[3] See https://www.gov.ca.gov/commutations/ This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. See Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

6

reference to any standards." Solem v. Helm, 463 U.S. 277, 301 (1983) (citing Dumschat, supra, 452 U.S. 458).

For these reasons, plaintiff is unable to state a cognizable federal claim based on the circumstances he challenges, and any further amendment of the complaint would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

IV. Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of Court is directed to randomly assign a district judge to this action.

Additionally, IT IS HEREBY RECOMMENDED that this action be dismissed without leave to amend for failure to state a cognizable federal claim.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 26, 2019.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE